```
            IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )          8:11CR53
                               )
     v.                        )
                               )
VANESSA CORONEL,               )          MEMORANDUM OPINION
                               )
            Defendant.         )
_____)
```

This matter is before the Court on remand from the United States Court of Appeals for the Eighth Circuit (Filing No. 110). Defendant Vanessa Coronel previously filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, stating four grounds for consideration (Filing No. 83). The Court denied the motion in its entirety (Memorandum Opinion, Filing No. 96, and Order and Judgment, Filing No. 97). Upon defendant's appeal, the Eighth Circuit now instructs the Court to reconsider its judgment on "Ground One-that trial counsel was ineffective for failing to file a notice of appeal as requested" and to "rule on that claim in the first instance" (Filing No. 107). The Court has reviewed defendant's motion as to Ground One and finds that the motion should be denied.

On December 14, 2011, defendant pled guilty to a one count information alleging violation of 21 U.S.C. §§ 841(a)(1) and (b)(1), possession with intent to distribute fifty grams or more of actual methamphetamine (Filing No. 67). Defendant was committed to the custody of the United States Bureau of Prisons

for a term of 120 months, which is the statutory mandatory minimum sentence (Filing No. 78).

As part of her plea agreement with the government, defendant waived her right to appeal her conviction, but not her sentence (Filing No. 72, at 5).  Also as part of her plea agreement, defendant stated that she "understands that the crime to which defendant is pleading guilty carries the following penalties:  1. A maximum life in prison; and a mandatory minimum of 10 years . . ." (*Id.*, at 2).  Furthermore, defendant's petition to enter a plea of guilty, signed by defendant, also states that the mandatory minimum sentence is ten years (Filing No. 71, at 6).  Finally, in response to defendant's motion, the government filed an affidavit signed by defendant's counsel, which delineates many conversations between him and the defendant discussing the mandatory minimum sentence of ten years (Ex. 1, Filing No. 95).  Defendant's counsel states, "During our discussions about the plea agreement and the petition to enter a guilty plea, [defendant] was advised that the mandatory minimum sentence she would get would be 10 years and that if she received the minimum there would be no grounds for appeal" (*Id.* at ¶ 5).  Moreover, "The Defendant was advised of her rights and appeal [sic] at sentencing by the Court.  She was told by the Judge that if she wanted to appeal she had 14 days to do so.  At that time she advised she did not wish to pursue on appeal because she was sentenced to the minimum sentence" (*Id.* at ¶ 3).

Ground One of defendant's motion to vacate states that she had ineffective assistance of counsel because "[d]efense

counsel failed to file a 'Notice of Appeal' when I requested that he do so after sentencing" (Filing No. 83, at 4). The Court finds that defendant was aware that the mandatory minimum sentence to which she pled guilty was ten years. Defendant was sentenced to the mandatory minimum of ten years. Because defendant waived the right to appeal her conviction, her only remaining right to appeal was to her sentence. If her counsel had filed an appeal as to her sentence, it would have been summarily denied. Besides, according to her counsel's affidavit, she advised her counsel that she did not wish to appeal her mandatory minimum sentence. The Court finds that defendant's motion to vacate due to ineffective assistance of counsel should also be denied. A separate order will be entered in accordance with this memorandum opinion.

DATED this 21st day of June, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court