IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 8:11-CR-53 |
| vs. | |
| VANESSA CORONEL, | ORDER ON MOTION FOR EARLY TERMINATION |
| Defendants. | |

This matter is before the Court on defendant Vanessa Coronel's *pro se* Motion for Early Termination, Filing 165, which requests that the Court terminate Coronel's term of supervised release early. The Motion is denied.

In 2010, Coronel made several sales of methamphetamine to an individual cooperating with law enforcement. Filing 80 at 7. These sales were made as part of a drug-distribution conspiracy with her codefendant, Ignacio Rubio Hernandez. Filing 80 at 3, 7. As calculated in her Presentence Investigation Report, Coronel was responsible for 519.7 grams of methamphetamine. Filing 80 at 8.

A grand jury issued a six-count indictment against Coronel alleging various drug-distribution offenses. Filing 1. Coronel ultimately pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841. Filing 67; Filing 70 (Text Minute Entry). On December 14, 2011, the Court[1] sentenced Coronel to 120 months in prison, which was the mandatory minimum, to be followed by five years of supervised release, which was also the mandatory minimum. Filing 78. Coronel began her term of supervised

---

[1] Judge Lyle E. Strom, now retired, sentenced Coronel.

1

release on December 11, 2019. Filing 164 at 1. On March 10, 2023, Coronel filed her Motion for Early Termination. Filing 165.

18 U.S.C. § 3583 empowers the Court to terminate supervised release early after a defendant has served one year on supervision if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute requires courts to consider the factors outlined in 18 U.S.C. § 3553(a), except for the factors under subsection (a)(2)(A), when making this determination. *See* 18 U.S.C. § 3583(e). The Eighth Circuit Court of Appeals has explained that the district court's discretion in his area is broad because it "is in the best position to evaluate the circumstances of each individual defendant." *United States v. Norris*, 62 F.4th 441, 450 (8th Cir. 2023) (quoting *United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013)); *see also United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020) ("The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." (quoting *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014))).

Additionally, under Eighth Circuit precedent, a district court may summarily deny a request to terminate supervision early. *See Norris*, 62 F.4th at 450–51; *Mosby*, 719 F.3d at 931 ("Neither 18 U.S.C. § 3583(e) nor relevant case law required the district court to explain its denial of early termination of supervised release."). Yet, this same precedent indicates that summary denials are less appropriate when the judge denying the request is not the same judge that had presided over the defendant's case from the beginning. *See Norris*, 62 F.4th at 450–51 (noting that the district court "ha[d] presided over [the defendant's] case since its inception"); *Mosby*, 719 F.3d at 931 (holding that the district court did not abuse its discretion in summarily denying a motion to

terminate supervised release when the judge "had presided over [the defendant's] trial and was well acquainted with his extensive criminal record"). Therefore, the Court will outline its reasons for denying Coronel's Motion.

In support of her Motion, Coronel touts her efforts at rehabilitation while incarcerated, her current full-time employment, and her compliance with the conditions of her supervised release. Filing 165 at 1–2. Coronel alleges that early termination will allow her to visit her children more easily because they live several hundred miles away.[2] Filing 165 at 2–3.

The Court commends Coronel for her success while on supervised release and encourages her to continue improving herself. The Court also acknowledges that Coronel's asserted reason for early termination—a desire to see her children more easily—is a worthy goal. Nevertheless, having considered all the relevant factors references in 18 U.S.C. § 3583(e)(1), the Court finds that they do not weigh in favor of early termination. The Court notes that Coronel's conviction resulted from her involvement in a conspiracy to distribute a significant amount of methamphetamine in the Omaha area. Coronel committed the offense despite being employed and having no substance-abuse issues. The nature and circumstances of the offense do not weigh in favor of early termination.

Turning to the need "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," 18 U.S.C. § 3553(a)(2)(D), the Court finds that this factor does not favor early termination. As many courts have recognized, "[T]he primary purpose of supervised release is to facilitate the integration of offenders back into the community . . . .". *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (quoting *United States v. Murray*, 692 F.3d 273, 280 (3d Cir. 2012)). Thus, "supervised

---

[2] Coronel states that she relocated to the state of California because it is a better environment for her, while her children currently reside in Omaha, Nebraska. Filing 165 at 2–3.

release serves as a means of rehabilitation." *Id.* Termination of supervised release at this point would short-circuit this important process, especially given the difficulties of integrating into the community following a lengthy term of incarceration. Coronel's continued compliance with the conditions of her supervision will ensure that she is able to remain a law-abiding citizen in the future.

Finally, looking at "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), the Court recognizes that early termination of Coronel's supervised release would result in sentencing disparities between Coronel and similarly-situated defendants who serve the full mandatory minimum five years of supervision.

The Court has considered the remaining factors and find they do not tip the balance in favor of early termination. The Court encourages Coronel to continue making positive improvements in her life but does not find early termination is warranted. Accordingly,

IT IS ORDERED that Vanessa Coronel's Motion for Early Termination, Filing 165, is denied.

Dated this 10th day of April, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

4